The Honorable Bill Clinton Governor of Arkansas State Capitol Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request for an opinion on the following question:
 Does Act 94 of 1987 abrogate a company's contractual obligation to pay more than the 1/8th royalty?
In my opinion, the answer to this question is "no".
Act 94 of 1987 is codified at A.C.A. 15-72-305 (Supp. 1989). That statute is entitled "Allocation of production and cost following integration order — Procedure". It involves royalties paid on gas production from integrated drilling units. The statute has been described as:
 . . . Arkansas' `Blanchard' [1] statute which requires each lessee in a gas unit to pay over to the operator of the unit one-eighth of the gross proceeds he receives from his sales of gas from the unit. The operator then distributes this royalty to all of the lessors within the unit in the proportion that each lessor's leased acreage contained in the unit bears to the acreage of the entire unit. Thereby, each lessor receives his proportionate share of royalty from any sale of gas within the unit, regardless of whether that sale is by the lessor's lessee or another lessee within the unit. This statute mitigates the harsh effect of production imbalance on lessors in split stream units and abrogates the common law doctrine of apportionment of royalty. [Footnotes omitted.]
Note, Perry v. Nicor Exploration, Inc.: Split Stream Sales and Paying Quantities, 42 Ark. L. Rev. 155 (1989).
Section (a)(8)(C) of the statute, however, provides that:
 Nothing contained in this section shall affect the obligations of working interest owners with respect to the payment of royalties, overriding royalties, production payments, or similar interests in excess of the one-eighth (1/8) royalty required to be distributed under this section.
It is thus my opinion that Act 94 of 1987 does not abrogate a "working interest owner's" obligation to pay more than the 1/8th royalty.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] The "Blanchard" case interprets the effect of an Oklahoma statute similar to A.C.A. 15-72-305 (Supp. 1987).